**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

CHRISTOPHER R. CHIN-YOUNG,
Appellant,

DOCKET NUMBER
DC-1221-16-0581-W-1

v.

DEPARTMENT OF THE ARMY,
Agency.

DATE: January 13, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Christopher R. Chin-Young</u>, Tallahassee, Florida, pro se.

<u>Kyle C. Barrentine</u>, Redstone Arsenal, Alabama, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW[2]

¶2  On May 10, 2016, the appellant filed an appeal of his removal and the denial of a within-grade increase (WIGI).  Initial Appeal File (IAF), Tab 1 at 2. He indicated that he was bringing an IRA appeal and attached a copy of an April 21, 2016 close-out letter from the Office of Special Counsel (OSC).  *Id.* at 3, 9-10.  The administrative judge issued a show cause order informing the appellant of his burden of establishing that he had exhausted his remedies before OSC.  IAF, Tab 3.  She noted that, although the appellant had provided a close-out letter from OSC's disclosure unit, the letter did not provide him with Board appeal rights because the disclosure unit does not investigate allegations of prohibited personnel practices, which are appealable to the Board.  *Id.* at 4. Rather, allegations of prohibited personnel practices were reviewed by OSC's

---

[2] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

complaints examining unit.[3]  *Id.*  Thus, the administrative judge instructed the appellant to file evidence and argument concerning his exhaustion before OSC's complaints examining unit.  *Id.* at 5, 10.  The appellant did not respond to the show cause order.  Accordingly, the administrative judge issued an initial decision, dismissing the appeal for lack of jurisdiction.  IAF, Tab 5, Initial Decision (ID).  In particular, she found that notifying OSC's disclosure unit does not satisfy the exhaustion requirement under 5 U.S.C. § 1214(a)(3).  ID at 7.

¶3    On review, the appellant contends that he was not properly served with copies of the pleadings below.  Petition for Review (PFR) File, Tab 1 at 5-7.  The record reflects that on his initial appeal form the appellant listed both a post office (P.O.) Box in Roswell, Georgia, for his mailing address as well as a separate home address in Alpharetta, Georgia.  IAF, Tab 1 at 1.  The return address on his initial appeal lists the P.O. Box address.  *Id.* at 11.  The acknowledgment order and order to show cause were both sent to the appellant's P.O. Box, however, the initial decision was sent to the appellant's home address in Alpharetta, Georgia.  IAF, Tabs 2-3, 6.  On review, the appellant indicates that his correct address is his home address in Alpharetta, Georgia, but that he used the P.O. Box in another matter and still receives mail forwarded from that address to his home address.  PFR File, Tab 1 at 5.  He also indicates that he received the agency's designation of representative notice, which was mailed to his P.O. Box.  *Id.* at 6; IAF, Tab 4 at 5.  Thus, it appears the appellant received mail sent to his P.O. Box.

¶4    Even if the appellant did not receive the show cause order below, the initial decision was sent to his home address in Alpharetta, Georgia.  IAF, Tab 6.  Further, on August 13, 2016, the same day that he filed his petition for review, the appellant registered as an e-filer, which allowed him to access all of the

---

[3] OSC has reorganized its components such that the functions previously performed by the complaints examining unit are now performed by the investigation and prosecution division.

pleadings below. IAF, Tab 7. Thus, we find that the appellant received proper notice of his burden of proving that he exhausted his administrative remedies before OSC.

¶5 On review, the appellant has failed to provide evidence that he exhausted his remedies before OSC's complaints examining unit. Instead, he continues to reference the August 21, 2016 letter from OSC's disclosure unit. PFR File, Tab 1 at 7. However, as the administrative judge properly found, notifying OSC's disclosure unit does not satisfy the exhaustion requirement under 5 U.S.C. § 1214(a)(3). ID at 7; *see Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 16 (2011).

¶6 In addition, as the administrative judge found, even assuming the appellant had exhausted his remedy with OSC, his claims appear to be barred by a settlement agreement resolving his appeal of his January 18, 2011 removal. ID at 7-8. In a May 19, 2011 settlement agreement resolving that appeal, the appellant waived all claims arising out of his employment with the agency that could have been filed as of the date of the agreement's execution. *Chin-Young v. Department of the Army*, MSPB Docket No. DC-0752-11-0394-I-1, Initial Appeal File, Tab 21. Thus, to the extent this appeal concerns the appellant's January 18, 2011 removal, we find that it is barred by the settlement agreement. The date of the appellant's WIGI denial is unclear based on the record. However, to the extent it occurred prior to May 19, 2011, such a claim is also barred by the settlement agreement.

¶7 Finally, the appellant's arguments regarding the validity of the settlement agreement resolving his prior removal appeal are not properly before the Board. Claims of noncompliance with a settlement agreement must first be addressed in the regional office as a petition for enforcement. *See Shipp v. Department of Health & Human Services*, 107 M.S.P.R. 264, ¶ 8 (2007) (stating that a petition for enforcement must be filed in the regional office that issued the initial decision). Further, the Board has previously considered and rejected the

appellant's claims that the settlement agreement resolving that appeal is invalid because it does not contain a waiver of his age discrimination claim under the Older Workers Benefit Protection Act and because it was the product of coercion by the administrative judge. *See Chin-Young v. Department of the Army*, MSPB Docket No. DC-0752-11-0394-C-3, Final Order, ¶¶ 9-12 (Sept. 29, 2016).

¶8		Accordingly, we affirm the initial decision, dismissing the appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. [5 U.S.C. § 7703](b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. [5 U.S.C. § 7703](b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , [137 S. Ct. 1975](2017). If you have a

representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.